FILED by **AW** D.C.

Jun 14, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **21-20347-CR-ALTONAGA/TORRES**

18 U.S.C. § 371
18 U.S.C. § 982(a)(7)

UNITED STATES OF AMERICA

vs.

YANAYSI DE LOS ANGELES BATISTA,
 a/k/a "Yanaisy Batista Lleo,"

Defendant.
_____/

## INFORMATION

The Acting United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

#### The Medicare Program

1. The Medicare Program (Medicare) was a federal program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. Medicare was administered by the Centers for Medicare and Medicaid Services (CMS), a federal agency under the United States Department of Health and Human Services (HHS). Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2. The Medicare program was divided into different "parts." Part D of Medicare subsidized the costs of prescription drugs for Medicare beneficiaries in the United States.

3. In order to receive Part D benefits, a beneficiary must be enrolled in a Medicare drug plan. Medicare drug plans were operated by private companies approved and funded by Medicare. Those companies were often referred to as drug plan sponsors. A beneficiary in a

Medicare drug plan could fill a prescription at a pharmacy and use his or her plan to pay for some or all of the prescription.

4. A pharmacy could participate in Part D by entering a retail network agreement with one or more Pharmacy Benefit Managers (PBMs). Each PBM acted on behalf of one or more Medicare drug plans. Through a plan's PBM, a pharmacy could join the plan's network. When a Part D beneficiary presented a prescription to a pharmacy, the pharmacy submitted a claim to the PBM that represented the beneficiary's Medicare drug plan. The plan or PBM determined whether the pharmacy was entitled to payment for each claim and periodically paid the pharmacy for outstanding claims. The drug plan's sponsor reimbursed the PBM for its payments to the pharmacy.

5. To obtain payment from a PBM for a claim, pharmacies typically submitted claims electronically via the internet. The claim required certain important information, including: (a) the beneficiary's name and Health Insurance Claim Number (HICN) or other identification number; (b) a description of the health care benefit, item, or service that was provided or supplied to the beneficiary; (c) the billing codes for the benefit, item, or service; (d) the date upon which the benefit, item, or service was provided or supplied to the beneficiary; and (e) the name of the referring physician or other health care provider, as well as a unique identifying number, known either as the Unique Physician Identification Number (UPIN) or National Provider Identifier (NPI).

6. When a pharmacy submitted a claim to a PBM, the pharmacy certified that the contents of the claim were true, correct, complete, and that the claim was prepared in compliance with the laws and regulations governing the Medicare program. The submitting pharmacy also certified that the prescription drugs being billed were prescribed and were in fact provided as

billed.

7. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

**Defendant and Related Entities**

8. Maggy Pharmacy Discount, Inc. (Maggy Pharmacy) was a Florida corporation, located at 1255 W 46 Street, Store 5, Hialeah, Florida, that did business in Miami-Dade County purportedly providing prescription drugs to Medicare beneficiaries.

9. Defendant **YANAYSI DE LOS ANGELES BATISTA**, a/k/a "Yanaisy Batista Lleo", a resident of Miami-Dade County, was the pharmacy manager at Maggy Pharmacy.

**Conspiracy to Defraud the United States and To Pay and Receive Health Care Kickbacks**
**(18 U.S.C. § 371)**

From in or around September of 2016, through in or around April of 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**YANAYSI DE LOS ANGELES BATISTA,**
**a/k/a "Yanaisy Batista Lleo,"**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with others, known and unknown to the Acting United States Attorney, to defraud the United States by impairing, impeding, obstructing, and defeating through deceitful and dishonest means, the lawful government functions of the United States Department of Health and Human Services in its administration and oversight of the Medicare program in violation of Title 18, United States Code, Section 371, and to commit certain offenses against the United States, that is:

a. to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A), by knowingly and

3

willfully soliciting and receiving any remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, in return for referring an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by a Federal health care program, that is, Medicare; and

      b.    to violate Title 42, United States Code, Section 1320a-7b(b)(2)(B), by knowingly and willfully offering and paying any remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, to a person to induce such person to purchase, order, arrange for, and recommend purchasing and ordering any item and service for which payment may be made in whole and in part by a Federal health care program, that is, Medicare.

## Purpose of the Conspiracy

10.    It was the purpose of the conspiracy for the defendant and her co-conspirators to unjustly enrich themselves by, among other things: (1) offering, paying, soliciting, and receiving kickbacks and bribes to patient recruiters in exchange for referring Medicare beneficiaries to Maggy Pharmacy to serve as patients; (2) offering and paying kickbacks and bribes to Medicare beneficiaries in return for allowing Maggy Pharmacy to bill Medicare, (3) submitting and causing the submission of false and fraudulent claims to Medicare for prescription drugs purportedly provided to Medicare beneficiaries by Maggy Pharmacy, (4) concealing the payment and receipt of kickbacks and fraud proceeds, and (5) using the fraud proceeds and kickbacks for their own use and benefit, the use and benefit of others, and to further the conspiracy.

## The Manner and Means of the Conspiracy

The manner and means by which the defendant and her co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

4

11.     **YANAYSI DE LOS ANGELES BATISTA, a/k/a "Yanaisy Batista Lleo,"** and her co-conspirators offered and paid kickbacks and bribes to Medicare beneficiaries in return for the beneficiaries allowing Maggy Pharmacy to bill for prescriptions on their behalf.

12.     **YANAYSI DE LOS ANGELES BATISTA, a/k/a "Yanaisy Batista Lleo,"** received kickbacks for recruiting and referring Medicare beneficiaries to Maggy Pharmacy.

13.     **YANAYSI DE LOS ANGELES BATISTA, a/k/a "Yanaisy Batista Lleo,"** and her co-conspirators submitted and caused the submission of claims to Medicare which falsely and fraudulently represented that the recruited Medicare beneficiaries received prescription drugs when they did not.

14.     Based on those claims, Medicare made over-payments to Maggy Pharmacy of approximately $775,000. **YANAYSI DE LOS ANGELES BATISTA, a/k/a "Yanaisy Batista Lleo,"** and her co-conspirators used these proceeds for their own use and benefit, the use and benefit of others, and to further the conspiracy.

**Overt Acts**

In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

1.     On or about April 1, 2017, **YANAYSI DE LOS ANGELES BATISTA, a/k/a "Yanaisy Batista Lleo,"** received $800 from Maggy Pharmacy as a kickback payment for referring Medicare beneficiaries to serve as patients at the pharmacy.

2.     On or about March 1, 2018, **YANAYSI DE LOS ANGELES BATISTA, a/k/a "Yanaisy Batista Lleo,"** received $1,000 from Maggy Pharmacy as a kickback payment for referring Medicare beneficiaries to serve as patients at the pharmacy.

5

3. On or about April 1, 2018, **YANAYSI DE LOS ANGELES BATISTA**, a/k/a "**Yanaisy Batista Lleo**," received $1,000 from Maggy Pharmacy as a kickback payment for referring Medicare beneficiaries to serve as patients at the pharmacy.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE
## (18 U.S.C. § 982)

1. The allegations contained in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **YANAYSI DE LOS ANGELES BATISTA**, a/k/a "**Yanaisy Batista Lleo**," has an interest.

2. Upon conviction of a conspiracy to violate Title 42, United States Code, Section 1320a-7b(b), as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense pursuant to Title 18, United States Code, Section 982(a)(7).

3. The property subject to forfeiture as a result of the alleged offense includes, but is not limited to, a sum of $34,800 in United States currency, which amount is equal to the gross proceeds traceable to the commission of the violation alleged in this Information and which may be sought as a forfeiture money judgment.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with a third party;

    (c) has been placed beyond the jurisdiction of the Court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(7); and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).


_____
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY


_____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

YANAYSI DE LOS ANGELES BATISTA,
a/k/a "Yanaisy Batista Lleo",

_____Defendant._____/

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)
[✓] Miami  [ ] Key West  [ ] FTL
[ ] WPB    [ ] FTP

New defendant(s)  [ ] Yes  [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **Yes**
   List language and/or dialect **SPANISH**

4. This case will take **0** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    0 to 5 days          [✓]
   II   6 to 10 days         [ ]
   III  11 to 20 days        [ ]
   IV   21 to 60 days        [ ]
   V    61 days and over     [ ]

   (Check only one)
   Petty          [ ]
   Minor          [ ]
   Misdemeanor    [ ]
   Felony         [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of **Florida**
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
CHRISTOPHER J. CLARK
Assistant United States Attorney
FLA Bar No.    588040

*Penalty Sheet(s) attached                                                              REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Yanaysi De Los Angeles Batista   a/k/a "Yanaisy Batista Lleo"

**Case No:** _____

Count #: 1

Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks

Title 18, United States Code, Section 371

**\*Max. Penalty:**   Five (5) Years Imprisonment, $250,000 fine

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. |
| YANAYSI DE LOS ANGELES BATISTA ) | |
| a/k/a "Yanaisy Batista Lleo", ) | |
| _Defendant_ ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
_Defendant's signature_

_____
_Signature of defendant's attorney_

_____
_Printed name of defendant's attorney_

_____
_Judge's signature_

_____
_Judge's printed name and title_